Opinion by
Delaney, J.
§ 798. Petition; in suit on contract held sufficient; case stated. Appellees brought this suit against George McCann, F. L. Oleavis, John S. Fletcher, John T. Walker, E. D. Gribble and O. T. Lyon, jointly, to recover the sum of $450.55, alleging that said defendants had entered into a contract with one Belcher to erect a dwelling-house for him for a consideration stated, and thereby agreed and contracted with said Belcher to furnish the material necessary to construct said house; that plaintiffs had sold and furnished to defendants a portion of said material, amounting in value to the sum sued for, etc. Defendant McCann made no defense. The other defendants answered by demurrer, general denial, and pleaded specially that they were not joint contractors with McCann in the contract with Belcher, but were only sureties for McCann on said contract; that they did not contract for said material, nor authorize any one to contract for the same; that said material was not furnished to them, or to any one for them, etc., etc. The demurrers to the petition were overruled, and a trial of the case resulted in a judgment against all the defendants jointly for the full amount sued for, from which judgment all the defendants except McCann have appealed. Held: The first assignment of error cannot be maintained. The court did not' err in overruling the exceptions to the petition. It set forth a good cause of action against the defendants. The allegations are that they had undertaken to build a house for a third party; and that at their request plaintiffs had furnished a part of the material which defendants had agreed to furnish for the building. Upon these facts the defendants would be bound to pay for the material furnished.
§ 799. Evidence held admissible. The court did not err in admitting in evidence the contract between the *703 defendants and Belcher, and the receipts given by Mc-Cann for money paid him on said contract, which were signed thus: “George McCann & Co.” The petition alleged that the defendants, including McCann, were jointly engaged in building a house for Belcher; and they were now seeking to recover from said defendants the value of materials which they alleged they had furnished to the defendants for that work. Whatever tended legitimately to prove that there was such a joint undertaking ought to have been admitted. If the contract was not what it appeared on its face to be, that was matter of defense.
§ 800. Contract; partners; joint contractors, etc.; liability of. The plaintiffs had no connection with, or interest in, the contract between the defendants and Belcher. They can claim nothing under that contract. 'The sole ground of their claim is, that they furnished to the defendants certain material to enable them to carry out their contract with Belcher. Did they do that? The evidence clearly shows that they furnished material to McCann. Having furnished material to him, they seek to hold appellants responsible on the ground that they were joint contractors with him, and responsible for his contract made in carrying out the common purpose. To determine this liability two questions must be solved: 1st. Were appellants joint contractors, in the sense of partners, with McCann in the contract with Belcher, or were they mere sureties? 2d. If they were only sureties, did they so act, or did they permit McCann so to act, as to make the plaintiffs believe that they were partners, and did the plaintiffs, acting bona fide under that belief, furnish the material? In the first place, it is perfectly clear from the record that appellants were not partners with McCann, but that they were his sureties upon the contract. One of the principal witnesses for the plaintiffs was J. J. Eane, who wrote the contract. He says, “This contract was awarded on the bid of George McCann, individually. At the time of the bid *704 ding it was understood that bidders should give bond or security for carrying out the contract; and I wanted the defendants on the contract to serve the place of the bond, as McCann’s security.” The other evidence.in the case is to the same effect. This disposes of the first question. As to the second, there is nothing to indicate that the plaintiffs furnished the material upon the credit of any one else than McCann. At that time, so far as the evidence shows, they did not know that appellants had any connection with McCann in the undertaking. If appellants were partners with McCann, then they were liable to plaintiffs whether the latter were aware of the partnership or not. If they were not partners in fact, but held themselves out as such to the plaintiffs, or knowingly suffered themselves to be held out as such to the plaintiffs, so as to influence the action of the latter, then a court of equity would hold them liable as if they had been partners in fact.
April 27, 1885.
Eeversed and remanded.